## McMurray *v.* Ennis.

*(City Court of Brooklyn, General Term. January 26, 1891.)*

Gifts—Evidence.

In an action by an administratrix to recover money paid to defendant after the death of plaintiff's intestate, who was the father of the parties, on checks drawn in defendant's favor by decedent, defendant testified that she received the checks from her sister L., without stating whether it was before or after decedent's death; that she did not know that he was going to give her the checks until she had so received them; and that she had never had any conversation with decedent about the checks. Defendant also stated that decedent was indebted to her. Plaintiff testified that defendant told her that decedent gave her the checks. *Held,* that the evidence was sufficient to submit to the jury on the question whether the checks were delivered to defendant for value or as a gift.

Appeal from trial term.

Action by Mary A. McMurray, as administratrix of Lawrence Ennis, deceased, against Teresa Ennis. Plaintiff appeals.

Argued before Van Wyck and Osborne, JJ.

*L. B. Bunnell,* for appellant. *Stimson & Williams,* for respondent.

Van Wyck, J. Heretofore, when this cause was before us, (see 10 N. Y. Supp. 698,) the appeal-book showed that the checks in question had been delivered to defendant by the deceased, Lawrence Ennis, before his death, and

that the defendant had paid him value for the same, or had parted with value on the faith of the checks. In fact, this was found by the trial court, at the request of both parties. Our decision, then, that the defendant might have a defense to this action for the recovery of the money collected by the defendant on these checks after the death of the drawer was based upon such admitted facts. But, on the present appeal, neither the delivery of the checks before the death of the drawing nor the parting with value by defendant on the faith thereof is conceded. The learned chief judge presided at both trials. When he dismissed the complaint on the last trial, he must have been misled by the circumstance that such facts were conceded in the first trial, and thus led to assume that they were not controverted in the last. In this he seems to have been mistaken, in the light of the evidence, for the testimony tends to show the contrary thereof. The checks (three) of different dates were drawn shortly before the death of defendant's father, the drawer. She says she received them from her sister Lizzie at one time, but she is silent as to whether it was before or after his death; that she did not know he was going to give them to her till she so received them from her sister; that she never had any conversation with her father about them. Her other sister, Mary McMurray, testifies that, after the death of her father, the defendant told her she had no money to meet funeral expenses with, and borrowed from her a sum for that purpose. Shortly thereafter, about two weeks, Mary McMurray testifies, she asked defendant what had become of their father's money, when she responded that his bank-book had been written up, and there was nothing in bank, and showed and handed her the book, when she found, among the vouchers returned, these checks, and at once asked defendant how she came by them, and was told that her father had given them to her, and he had a right to do as he pleased with his own money. Now, notwithstanding defendant does say her father was indebted to her, it does seem to us that this testimony was sufficient, at least, to carry the case to the jury on the question whether or not these checks were delivered to her for value parted with by her on the faith thereof, or as a step in an attempted gift, and perhaps also on the question whether or not they were delivered to her by her sister after the death of her father, especially as she was silent as to the time she received them from this sister, and as any presumption that they were delivered at the respective dates thereof was rebutted or put in question by the circumstance that, though they were of different dates, it seems she received them from her sister at the same date. Judgment must be reversed, and new trial ordered, with costs to abide the event.