## McMURRAY *v.* ENNIS.

### *(City Court of Brooklyn, General Term. May 25, 1891.)*

WITNESS—TRANSACTION WITH DECEDENTS—WAIVER.

In an action by an administratrix to recover money paid to defendant after the death of plaintiff's intestate, who was the father of the parties, on checks drawn in defendant's favor by decedent, there was evidence that decedent owed defendant money. *Held,* that the question asked defendant as a witness, "Did your father ever promise to repay that money to you?" called for a conversation with a decedent, and the objection was not waived by having permitted defendant to testify that her father (decedent) owed her a certain sum of money.

Appeal from trial term.

Action by Mary A. McMurray, as administratrix of Lawrence Ennis, deceased, against Teresa Ennis, to recover money paid to defendant after the death of plaintiff's intestate, who was the father of the parties, on checks drawn by decedent in favor of defendant. There was a verdict for plaintiff, and defendant appeals.

Argued before VAN WYCK and OSBORNE, JJ.
*Stimson & Williams*, for appellant.  *L. B. Bunnell*, for respondent.

VAN WYCK, J.   This case has been before us on appeal twice heretofore, and reported in 10 N. Y. Supp. 698, and 12 N. Y. Supp. 904.   The only question requiring our special consideration on this appeal, not disposed of on the former ones, is that raised by the exception to the exclusion of the question: "*Question.* Did your father ever promise to repay that money to you?"   The objection was to its admission was that it called for a conversation with a deceased party.   It was not admissible unless the plaintiff's right to such objection had been waived.   The defendant had stated that the deceased owed her $2,500.   The plaintiff's failure to object to this did not constitute a waiver of her right to object to further or other conversations between defendant and the deceased.   Judgment and order appealed from must be affirmed, with costs.